IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff

v.

[7]LUIS R. BULTRON GARCIA,

Defendant

CRIMINAL 09-319 (JAG)

OPINION AND ORDER

On October 8, 2009, the defendant Luis R. Bultron Garcia was charged along with nineteen others in a seven-count superceding indictment. (Docket No. 8.) Count one charges that the defendant and other persons, did knowingly and intentionally conspire, combine, and agree with each other and diverse other persons known and unknown to the Grand Jury, to commit offenses against the United States, that is, to possess with intent to distribute one kilogram or more of heroin, a Schedule I Narcotic Drug Controlled Substance; 50 grams or more of cocaine base, a Schedule II Narcotic Drug Controlled Substance; five kilograms or more of cocaine, a Schedule II Narcotic Drug Controlled Substance; and/or in excess of 100 kilograms of marijuana, a Schedule I Controlled Substance; within 1,000 feet of the real property comprising a housing facility owned by a public housing authority, that is, Nuestra Señora de Covadonga Housing Project. All in violation of 21 U.S.C. §§ 841(a)(1), 846 and 860. Along with four corresponding

CRIMINAL 09-319 (JAG)                            2

aiding and abetting substantive counts, the defendant is also charged with conspiracy to possess firearms during and in relation to a narcotics trafficking offense, in violation of 18 U.S.C. § 924(o).

The defendant filed a motion to compel discovery on July 20, 2010 (Docket No. 224.)   Specifically he has asked the government to provide him with the identity of the persons whom the defendant sold drugs to and what types of drugs were sold by him. Id. at 2.)   The defendant is portrayed in the indictment as an enforcer who also acted as a seller.  He alleges that knowledge of the type of drugs he sold and for whom he sold those drugs, that is, which one(s) of the owners of the four drug points was or were involved, is critical in the preparation of the defense, and the lack of such information deprives him of the ability to prepare an effective defense, and avoid surprise at trial.  He also addresses the danger of the existence of multiple conspiracies. See United States v. Soto Beniquez, 356 F.3d 1, 18 (1st Cir. 2003.); United States v. Escobar-Figueroa, 454 F.3d 40, 48 (1st Cir. 2006.)   He stresses that the information he seeks would help him defend himself from government's allegations in relation to the common purpose of selling drugs for profit, the distribution scheme's interdependency, allegations that the conspiracy participants acted interdependently with respect to security at the drug points, and that the drug point owners jointly protected the drug distribution points from threats.   More particularly, the defendant argues that it is impossible to state that he sold crack cocaine when none of the four drug

CRIMINAL 09-319 (JAG)               3

point owners sold crack cocaine at the Covadonga Public Housing Project. He notes that the indictment provides details of the sales of heroin, cocaine, and marijuana at the four drug points but no details of crack cocaine distribution. (Docket No. 224 at 3.)

On July 30, 2010, the United States responded in opposition to the defendant's motion to compel. (Docket No. 232.) The United States argues that the request is similar to seeking a bill of particulars and draws a comparison of the requirements for a bill of particular with the information sought in the motion to compel. The United States also notes that the indictment clearly outlines the roles of the members in the conspiracy and sufficiently informs the defendant of the charges so that there will be no unfair surprise at trial. It is also stressed that discovery provided, as required under Fed. R. Crim. P. 16(a), contains sufficient information for the defendant not to be surprised at trial, and to avoid Double Jeopardy. The motion to compel was referred to me on August 30, 2010. (Docket No. 284.)

The defendant is described in the superceding indictment as one of three enforcers of the organization. All three are also described as sellers. The indictment relates that the enforcers possessed, carried, brandished, used and discharged firearms to protect the leaders and members of the drug trafficking organization, the narcotics and the proceeds derived from their sales, to further accomplish the goals of the conspiracy. Enforcers acted only upon instructions

CRIMINAL 09-319 (JAG)                  4

given by the leaders of the drug trafficking organization and were assigned to provide protection to the drug distribution point operation within the Covadonga Public Housing Project. (Docket No. 8 at 9.)

A review of the indictment reflects that it clearly contains sufficient details to inform the defendant of the charges against him, to allow him to prepare a defense, and to protect him from Double Jeopardy. See United States v. Vazquez-Rijos, 250 F.R.D. 99 (D.P.R. 2008); cf. United States v. DeLeon, 468 F. Supp. 2d 290, 292-93 (D.N.H. 2007.)  The defense requests, in an operational sense, a short list of the government's witnesses. The request as such is denied. See United States v. Sclamo, 578 F.2d 888, 890 (1st Cir. 1978); United States v. Panzardi-Alvarez, 646 F. Supp. 1158, 1160 (D.P.R. 1986); cf. United States v. Rodriguez-Torres, 560 F. Supp. 2d 108, 111 (D.P.R. 2008), citing United States v. Abreu, 952 F.2d 1458, 1469 (1st Cir. 1992.)  The request for particulars is also denied.  This assumes that there is no exculpatory evidence in such information. See United States v. Bagley, 473 U.S. 667, 675 (1985); United States v. Agurs, 427 U.S. 97, 104 (1976); Giglio v. United States, 405 U.S. 150, 154 (1972); Brady v. Maryland, 373 U.S. 83, 87 (1963); United States v. Sepúlveda, 15 F.3d 1161, 1177-78 (1st Cir. 1993); United States v. Osorio, 929 F.2d 753, 757-58 (1st Cir. 1991).  Such information shall be produced as required and as identified by the government.  Nevertheless, as a general rule, there is no "general constitutional right" to discovery in a criminal case.   Weatherford v.

CRIMINAL 09-319 (JAG) 5

Bursey, 429 U.S. 545, 559-60 (1977.), cited in United States v. Panzardi-Alvarez, 646 F. Supp. at 1160; United States v. Caro-Muniz, 406 F.3d 22, 29-30 (1st Cir. 2005.)

    The defendant addresses the possibility of multiple conspiracies, noting that the Court of Appeals will "ultimately look at the totality of the circumstances." United States v. Soto Beniquez, 356 F.3d at 18. Even assuming there is a variance between the single charged conspiracy and the evidence at trial, such variance would have to be prejudicial to invite relief and that prejudice is generally, and rarely, discovered after trial. See United States v. Mangual-Santiago, 562 F.3d 411, 423-24 (1st Cir. 2009); United States v. Dunbar, 553 F.3d 48, 61-62 (1st Cir. 2009.)

    In view of the above, the motion to compel (Docket No. 224.) is DENIED.

    SO ORDERED.

    At San Juan, Puerto Rico, this 31st day of August, 2010.

                                             S/JUSTO ARENAS
                              Chief United States Magistrate Judge