IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>[7]LUIS R. BULTRON GARCIA,<br><br>Defendant | CRIMINAL 09-319 (JAG) |

OPINION AND ORDER ON RECONSIDERATION

This matter is before the court on motion for reconsideration of my opinion and order of August 31, 2010, filed by the defendant, Luis R. Bultron-Garcia, also on August 31, 2010. (Docket No. 291.)  For the reasons set forth below, the defendant's motion for reconsideration is DENIED.

I. BACKGROUND

On October 8, 2009, the defendant was charged along with nineteen others in a seven-count superceding indictment. (Docket No. 8.)  He filed a motion to compel discovery on July 20, 2010 (Docket No. 224) asking the government to provide him with the identity of the persons whom the defendant sold drugs to and what types of drugs were sold by him. (Id. at 2.)  I denied the motion on August 31, 2010  (Docket No. 289) after determining that the indictment clearly contains sufficient details to inform the defendant of the charges against him, to

CRIMINAL 09-319 (JAG)                           2

allow him to prepare a defense, and to protect him from Double Jeopardy. See United States v. Vazquez-Rijos, 250 F.R.D. 99 (D.P.R. 2008.)

On August 31, 2010, the defendant asked for reconsideration of my order stressing that the case had been assigned for a hearing and Report and Recommendation and not for an Opinion and Order. (Docket No. 291, at 1, ¶ 1.) The defendant also disagrees that the indictment contains sufficient detail to inform him of the charges against him. (Id. at 1-2, ¶ 3.) He insists the indictment fails to inform him of his seller's activities of crack cocaine that carry criminal complicity or any action in furtherance of the conspiracy. (Id. ¶ 4.)

## II. ANALYSIS

This court has held that in order for an indictment to be sufficient it "must describe the offense 'with sufficient clarity to show a violation of law, and enables the accused to know the nature and cause of the accusation against him and to plead an acquittal or conviction in bar of future prosecution for the same offense.'" United States v. Amado-Nuñez, 127 F. Supp. 2d 53, 60 (D.P.R. 2000) (quoting United States v. Stein, 233 F.3d 6 (1st Cir. 2000).) The defendant stresses that the indictment does not provide any details regarding the conspiracy charge to distribute crack cocaine. The First Circuit has held that the "[t]he government is not required to plead or prove any overt act in furtherance of a section 846 conspiracy" and "is not limited at trial to proof of the alleged overt acts . . . ."

CRIMINAL 09-319 (JAG)                3

United States v. Bello-Perez, 977 F.2d 664, 669 (1st Cir. 1992), cited in United States v. Vega-Figueroa, 234 F.3d 744, 754 (1st Cir. 2000). Thus, the government may succeed in a conspiracy case by proving overt acts not mentioned in the indictment. United States v. King, 827 F.2d 864, 866 (1st Cir. 1987) (citing United States v. Morales, 677 F.2d 1, 2 (1st Cir.1982)). Consequently, the defendant's request for an evidentiary hearing is not warranted.

    Discovery motions in criminal cases do not usually culminate in evidentiary hearings. See United States v. Panitz, 907 F.2d 1267, 1273 (1st Cir. 1990.) Our Court of Appeals has "repeatedly stated that, even in a criminal context, a defendant is not entitled as of right to an evidentiary hearing on a pretrial or post-trial motion. Therefore, a party seeking an evidentiary hearing must carry a fairly heavy burden of demonstrating a need for special treatment." United States v. Alegria, 192 F.3d 179, 188 (1st Cir. 1999.), citing United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993.) The matters raised by the defendant having been considered, there is neither a need nor a utility for an evidentiary hearing. See United States v. Staula, 80 F.3d 596, 603 (1st Cir. 1996.). The matters raised by the defendant can be resolved on a paper record. See United States v. Lazu-Rivera, 363 F. Supp. 2d 30, 39 (D.P.R. 2005.) The defendant wishes to clear up his doubts about a vacuum in the superceding indictment related to his and

CRIMINAL 09-319 (JAG)                              4

anyone's connection to crack cocaine. The government is not required to clear up those doubts by responding to the request for particulars.

As to the defendant's argument that a report and recommendation should have been issued instead of an opinion and order, "[p]ursuant to 28 U.S.C. § 636(b)(1)(A) [a United States] magistrate judge is empowered to 'hear and determine any pretrial matter pending before the court . . . .'" Rubin v. Smith, 882 F. Supp. 212, 214-15 (D.N.H. 1995). Also, Local Rule 159(b)(20) authorizes the magistrate judge to enter orders in pretrial matters that are referred for disposition. U.S. Dist. Ct. Rules D.P.R., Civil Rule 159(b)(20). The only motions that a magistrate judge is statutorily precluded from determining are: (1) motions for injunctive relief; (2) motions for judgment on the pleadings; (3) motions for summary judgment; (4) motions to dismiss or quash an indictment or information; (5) motions to suppress evidence in a criminal case; (6) motions to dismiss or to permit maintenance of a class actions; (7) motions to dismiss for failure to state a claim upon which a relief can be granted; and (8) motions to voluntarily dismiss an action. Rubin v. Smith, 882 F. Supp. at 214-15 (citing 28 U.S.C. § 636(b)(1)(A)). Since the defendant's motion to compel is not enumerated as an exception in 28 U.S.C. § 636(b)(1)(A), and involves a non-dispositive matter which does not put an end to the proceedings before the court, the opinion and order is effective. See Sunview Condominium Ass'n v. Flexel Intern., Ltd., 116 F.3d 962, 964 (1st Cir. 1997).

CRIMINAL 09-319 (JAG)                  5

### III. CONCLUSION

In view of the above, the motion for reconsideration is DENIED.

SO ORDERED.

At San Juan, Puerto Rico, this 1st day of September, 2010.


                                                S/JUSTO ARENAS
                          Chief United States Magistrate Judge